### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

    **Plaintiff,**

    v.                                            CASE NO. 20-3154-SAC

**DAVID GROVES, et al.,**

    **Defendants.**

### ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 15.) This matter is before the Court on Plaintiff's Motion to Compel Defendant to Submit 6 Month Account Summary (Doc. 11), Plaintiff's Motion for Martinez Report (Doc. 12), and Plaintiff's Motion to Amend Complaint (Doc. 13). Because the Court has granted Plaintiff's motion to proceed *in forma pauperis* based on his submission of his financial information, Plaintiff's motion to compel is moot and therefore denied.

On August 13, 2020, Plaintiff filed a Motion for a Martinez Report (Doc. 12), asking the Court to order defendants to prepare a *Martinez* Report. On August 20, 2020, Plaintiff filed a Motion to Amend Complaint (Doc. 13), setting forth "facts of proposed complaint" and a "brief in support." Plaintiff alleges that Defendants have thrown out his legal mail, he has been denied proper medical care, and that his conditions of confinement are unconstitutional.

The Court will grant Plaintiff an opportunity to file a complete and proper amended complaint upon court-approved forms.[1] Plaintiff is given time to file a complete and proper

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no

amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint.  Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) ***Defendants***.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

---

longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3154-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

The Court will screen Plaintiff's amended complaint to determine whether a Martinez Report is warranted in this case. Therefore, Plaintiff's Motion for a Martinez Report is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Defendants to Submit 6 Month Account Summary (Doc. 11) is **denied as moot.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for a Martinez Report (Doc. 12) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Amend Complaint (Doc. 13) is **granted** to the extent that the Court will grant Plaintiff until **September 18, 2020,** in which to file a proper amended complaint on court-approved forms.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 25, 2020, in Topeka, Kansas.**

                                              **s/ Sam A. Crow**
                                              **Sam A. Crow**
                                              **U.S. Senior District Judge**