IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

      Plaintiff,

      v.                              CASE NO.  20-3154-SAC

DAVID GROVES, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff is detained at the Cherokee County Jail in Columbus, Kansas ("CCJ").  On August 25, 2020, the Court entered an Order (Doc. 16) granting Plaintiff's motion for leave to file an amended complaint and granting Plaintiff until September 18, 2020, to submit his amended complaint on the court-approved form.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 17).

Plaintiff raises multiple claims in his Amended Complaint.  Plaintiff claims: a First Amendment violation due to a ban on publications coming into the jail; his outgoing legal mail is being thrown away; cell doors are left open at night; lack of medical care regarding a tumor in his mouth; lack of medical care for delay in bringing him his asthma inhaler; inadequate ventilation; lack of training and a disciplinary program; his toilet water was shut off for a few days rendering his cell inhabitable; harassment; he is improperly classified as maximum security; denial of equal protection and discrimination regarding classification of inmates; lack of outside recreation; failure to follow his medical diet; conspiracy to sabotage his two civil cases; meals were overly-salted and ruined in retaliation for filing grievances; and failure to properly

quarantine detainees coming from Sedgwick County and those exposed to COVID-19.  Plaintiff

names as defendants:  Sheriff David M. Groves; Captain Michelle Tippie; Kitchen Supervisor

Danny Davis; Disciplinary Officer Thomas Degroot; the Board of Commissioners of Columbus,

Kansas; Kitchen Cook Lara Lions; Allen Glendenning; Advance Correctional Healthcare

("ACH"); Consolidated Correctional Food Services;   ACH Regional Director Lisa (lnu);

Sergeant April Macafee; Sergeant Mandi Montanye; Sergeant Gage Hudson; Sergeant Jullian

Miller; and Sergeant Dominic Parrish.

     Plaintiff has raised multiple unrelated claims against multiple defendants in his Amended

Complaint.  The Court previously cautioned Plaintiff that he must follow Rules 20 and 18 of the

Federal Rules of Civil Procedure when filing an amended complaint.   Rule 20 governs

permissive joinder of parties and pertinently provides:

> (2) ***Defendants***.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the
> action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party

asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R.

Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules

do not contemplate joinder of different actions against different parties which present entirely

different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210,

1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in

*George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against

different defendants belong in different suits."   *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

In filing a second amended complaint, Plaintiff must also comply with Fed. R. Civ. P. 8's pleading standards.  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2). Plaintiff's Amended Complaint fails to comply with this rule.  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.  Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

The Court will grant Plaintiff a final opportunity to file a complete and proper second amended complaint upon court-approved forms.[1]  Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

**Motion to Object**

Plaintiff filed a Motion to Object (Doc. 19), asking for an extension of time to submit his initial partial filing fee.  Because Plaintiff's initial partial filing fee was paid on September 22, 2020, the Court denies Plaintiff's motion as moot.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3154-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**Motion for Protective Order**

Plaintiff has filed a Motion for Protective Order (Doc. 18), claiming that Defendant Tippie threw away Plaintiff's outgoing mail, causing his appellate case No. 20-3052 to be dismissed.  Plaintiff alleges that "the defendants" caused the dismissal of two of Plaintiff's civil cases and threw away two separate complaints on a court reporter and a judge.  Plaintiff alleges that Defendant Tippie is denying Plaintiff access to the courts.   Plaintiff asks the Court to enter a restraining order prohibiting Tippie from having access to the CCJ while Plaintiff is in custody there.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party

to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  Furthermore, he seeks a mandatory preliminary injunction that would have an adverse impact on public safety and prison operation.  Plaintiff's allegations regarding his outgoing legal mail may addressed in a proper claim regarding access to the courts.  Plaintiff's request for a protective order is denied.

**Motion for Preliminary Injunction**

Plaintiff filed a motion for preliminary injunction (Doc. 20), seeking to prevent Sedgwick County inmates from being transferred to the CCJ.  Plaintiff claims that Sedgwick County inmates are infected with COVID-19 and ACH is not following proper guidelines for testing and quarantining.  Plaintiff asks this Court to ban Sedgwick County inmates from coming to the CCJ.

Again, Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  Furthermore, he seeks a mandatory preliminary injunction that would have an adverse impact on public safety and prison operation.

Plaintiff's claim regarding the transfer of inmates from Sedgwick County is one of multiple unrelated claims Plaintiff has raised in his Amended Complaint.  Plaintiff has been directed to file a second amended complaint that contains only related claims as required by

Rules 18 and 20.  The Court will deny Plaintiff's request for an injunction without prejudice to refiling the motion in the event he retains this claim in his second amended complaint.  Plaintiff may elect instead to present this claim in a separate action.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Object (Doc. 19) is **denied as moot.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Protective Order (Doc. 18) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Preliminary Injunction (Doc. 20) is **denied without prejudice.**

**IT IS FURTHER ORDERED THAT** Plaintiff's is granted until **October 26, 2020,** in which to file a proper second amended complaint on court-approved forms.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 25, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**