IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                      CASE NO. 20-3154-SAC

DAVID GROVES, et al.,

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is detained at the Cherokee County Jail in Columbus, Kansas ("CCJ"). On April 8, 2021, the Court entered an Order to Show Cause (Doc. 45) ("OSC") granting Plaintiff until May 7, 2021, in which to respond to the OSC, setting forth any claim that he intends to pursue or otherwise showing good cause why this action should not be dismissed without prejudice. This matter is before the Court on Plaintiff's Response (Doc. 47), Plaintiff's Motion to Correct Complaint (Doc. 48), and Plaintiff's Motion to Correct Deficiencies and to Amend (Doc. 49).

**Background**

Plaintiff filed this *pro se* civil rights case on June 3, 2020. Plaintiff filed motions to amend his Complaint on June 22, 2020 (Doc. 6) and August 20, 2020 (Doc. 13). On August 25, 2020, the Court entered an Order (Doc. 16) granting Plaintiff's motion for leave to file an amended complaint and granting Plaintiff until September 18, 2020, to submit his amended complaint on the court-approved form. The Court's Order at Doc. 16 set out in detail Plaintiff's obligation to follow Rules 18 and 20 of the Federal Rules of Civil Procedure. (Doc. 16, at 2–3.)

Plaintiff filed his Amended Complaint (Doc. 17), which the Court screened on September 25, 2020. (Doc. 22.) The Court's Memorandum and Order screening Plaintiff's Amended Complaint found that:

> Plaintiff raises multiple claims in his Amended Complaint. Plaintiff claims: a First Amendment violation due to a ban on publications coming into the jail; his outgoing legal mail is being thrown away; cell doors are left open at night; lack of medical care regarding a tumor in his mouth; lack of medical care for delay in bringing him his asthma inhaler; inadequate ventilation; lack of training and a disciplinary program; his toilet water was shut off for a few days rendering his cell inhabitable; harassment; he is improperly classified as maximum security; denial of equal protection and discrimination regarding classification of inmates; lack of outside recreation; failure to follow his medical diet; conspiracy to sabotage his two civil cases; meals were overly-salted and ruined in retaliation for filing grievances; and failure to properly quarantine detainees coming from Sedgwick County and those exposed to COVID-19.

(Doc. 22, at 1–2.) The Court found that Plaintiff raised multiple unrelated claims against multiple defendants in his Amended Complaint and failed to comply with Rules 18 and 20. *Id*. at 2. The Court's Memorandum and Order also provided that:

> In filing a second amended complaint, Plaintiff must also comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Amended Complaint fails to comply with this rule. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

*Id*. at 4.  Noting Plaintiff's failure to comply with Rules 8, 18 and 20, the Court granted Plaintiff "a final opportunity to file a complete and proper second amended complaint upon court-approved forms." *Id*.

The Court granted Plaintiff until October 26, 2020, in which to file a proper second amended complaint on court-approved forms.  *Id*. at 7.  On October 23, 2020, the Court entered an Order (Doc. 26) granting Plaintiff an extension of time until November 2, 2020, to file a proper second amended complaint.  Because Plaintiff failed to file a proposed second amended complaint by the Court's deadline, the Court entered an Order to Show Cause (Doc. 27), directing Plaintiff to show good cause by November 20, 2020, why this case should not be dismissed for failure to prosecute.  Plaintiff was cautioned that he must show good cause by this deadline and failure to respond by the deadline may result in dismissal of this action without prejudice without further notice.  The Court also granted Plaintiff an opportunity to file a proper second amended complaint by this deadline.

Plaintiff subsequently filed a Motion to Withdraw his Amended Complaint (Doc. 29), arguing that he was withdrawing his motion to amend his complaint and would continue with his original complaint.  (Doc. 29, at 1.)  The Court rejected Plaintiff's request to continue with his original complaint, noting that he had already filed an amended complaint that had been screened by the Court.  (Doc. 30, at 2.)

Plaintiff filed a response (Doc. 31), asking again to proceed on his original complaint.  The Court denied the request, finding that "[a]n amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court." (Doc. 32, at 2.)  Plaintiff also alleged that he will be adding a defendant and a claim regarding another issue.

The Court granted Plaintiff another extension of time to show good cause why his case should not be dismissed for failure to prosecute or to file a proper second amended complaint. *Id*.

Plaintiff submitted his Second Amended Complaint (Doc. 36) ("SAC"). On April 8, 2021, the Court entered the OSC, finding that despite the Court's multiple orders directing Plaintiff to comply with Rules 8, 18 and 20 of the Federal Rules of Civil Procedure, Plaintiff's SAC violates these rules. Plaintiff failed to set forth a short, plain statement of his claims, and he joined multiple unrelated claims against multiple defendants.

The Court found in the OSC that Plaintiff's SAC sets forth eight unrelated counts, including claims regarding: the right to receive newspaper, magazines, and law books from publishers; claims regarding his toilet being shut off for a few days in February of 2019; claims that his food was overly-salted on two occasions; claims that despite his soft food diet he was given frozen oatmeal on two occasions; claims that his requests to be reclassified based on good behavior were denied; claims regarding his medical care for a tumor in his mouth; claims regarding his protein shake diet; claims regarding a denial of court access; and claims that cell doors are kept from 5:30 a.m. until 10:30 p.m.

Plaintiff names as Defendants in his SAC: David M. Groves, CCJ Sheriff; Captain Michelle Tippie; Supervisor Danny Davis; Cook Lara Lions; Consolidated Correctional Food Services; APRN Kristin D. Wagner; Regional Director Lisa (lnu); Advance Correctional Healthcare; Sergeant April Macafee; Sergeant Mandi Montanye; Sergeant Julliana Miller; Disciplinary Officer Thomas Degroot; Board of Commissioners of Columbus, Kansas; Attorney Allen Glendenning; and Law Firm Watkins Calcara, Chartered. Plaintiff sues all Defendants in their individual capacities. Plaintiff seeks compensatory and punitive damages, and injunctive relief in the form of outside recreation time for long-term pretrial detainees, appointment of a

doctor to oversee the jail and provide monthly medical visits, and to prevent all non-licensed, noncertified people from practicing medicine at the CCJ. Plaintiff also seeks to have a special master appointed over programs for training, supervision, disciplinary, medical, and food services. Plaintiff also seeks to have newspapers, books, and magazines allowed into the CCJ, and for the classification of inmates to be revised and administration properly trained to classify inmates. In addition, he seeks injunctive relief for "[a]ll other health and safety training required and polices be revised and followed," and "[t]o have doors secured while resting, or much needed quiet time." (Doc. 36, at 6–7.)

The Court found in the OSC that Plaintiff's SAC fails to comply with Rules 8, 18 and 20, and the Court's previous orders. The Court granted Plaintiff until May 7, 2021, in which to respond to the OSC.

**Discussion**

Plaintiff filed a Response (Doc. 47) to the OSC, claiming that the Court failed to explain "what counts do not conform to the court rules." (Doc. 47, at 1.) Plaintiff alleges that the Court has refused to inform him as to which counts fail to comply in order to punish Plaintiff for exercising his First Amendment rights. *Id*. However, the Court's previous orders did not address the individual counts on the merits, but rather found that the counts were "unrelated." Plaintiff has failed to comply with the rules by setting forth unrelated claims together in one complaint. Plaintiff asks for "adequate information from the Courts to properly allow [him] to comply." *Id*. at 2. The Court cannot give Plaintiff legal advice, but the Court will direct the Clerk to provide Plaintiff with a copy of Fed. R. Civ. P. 8, 18 and 20.

Plaintiff has also filed a Motion to Correct Complaint (Doc. 48) and Motion to Correct Deficiencies and to Amend (Doc. 49). In his Motion to Correct Complaint, Plaintiff again seeks

Case 5:20-cv-03154-SAC   Document 51   Filed 06/08/21   Page 6 of 7

clarity as to how to amend his complaint and states that "he will correct any an[d] all deficienc[ies] the courts deem necessary, provide[d] the courts clarify the information necessary." (Doc. 48, at 2.) Again, the Court cannot give legal advice, but will provide Plaintiff with copies of Rules 8, 18 and 20. The Court will grant the motion to the extent that the Court will grant Plaintiff one final opportunity to submit a proper third amended complaint that complies with the Federal Rules of Civil Procedure and this Court's prior orders.

Plaintiff also filed a Motion to Correct Deficiencies and to Amend (Doc. 49), stating that he has corrected the deficiencies and completed an amended complaint. (Doc. 49, at 1.) Plaintiff attaches a proposed "Second Amended Complaint."[1] (Doc. 49, at 2–20.) His attached proposed amended complaint continues to include the unrelated claims. Plaintiff includes: his claim regarding the refusal to allow newspapers and law books into the CCJ; his claim regarding his toilet being shut off for three days; his claim alleging his food was served with excessive salt; his claim that he was served frozen oatmeal in disregard for his soft diet restrictions; his claims regarding inadequate food causing weight loss; his classification claims; his medical claims; and his claims regarding the denial of court access. Plaintiff's proposed amended complaint fails to comply with the Federal Rules of Civil Procedure as set forth in the Court's OSC. Therefore, the Court denies the motion.

**Conclusion**

The Court will grant Plaintiff one final opportunity to file a proper third amended complaint that complies with the Federal Rules of Civil Procedure and this Court's prior orders. If Plaintiff fails to submit a proper third amended complaint that complies with the Federal Rules of Civil Procedure, the Court will dismiss this action without prejudice.

---

[1] The Court notes that Plaintiff has already filed a Second Amended Complaint in this case. *See* Doc. 36 (Second Amended Complaint filed on November 30, 2020). Therefore, any proposed amended complaint filed by Plaintiff should be titled "Third Amended Complaint."

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **July 2, 2021,** in which to file a proper third amended complaint that complies with the Federal Rules of Civil Procedure and this Court's prior orders.  Failure to comply by this deadline will result in dismissal of this action without prejudice and without prior notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Complaint (Doc. 48) is **granted** to the extent that the Court is granting Plaintiff one final opportunity to submit a proper third amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Deficiencies and to Amend (Doc. 49) is **denied.**

The Clerk is directed to provide Plaintiff with copies of Federal Rules of Civil Procedure 8, 18 and 20.  The Clerk is also directed to provide Plaintiff with § 1983 forms and instructions.

**IT IS SO ORDERED**.

**Dated June 8, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
Sam A. Crow
**U.S. Senior District Judge**