IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                                CASE NO. 20-3154-SAC

DAVID GROVES,
et al.,

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is detained at the Cherokee County Jail in Columbus, Kansas ("CCJ"). This matter is before the Court on Plaintiff's Motion to be Housed with Cherokee County Detainees and not be Harassed (Doc. 55).

Plaintiff seeks to be housed in a pod with detainees from Cherokee County, as opposed to being housed in a pod with detainees from Sedgwick County. Plaintiff alleges that he is housed in D-Pod with Sedgwick County inmates and it is not safe because there are no blinds on the windows and he is housed with gang members. Plaintiff alleges he is the only white detainee in D-Pod that is not in a gang. Based on the nature of the relief sought, the Court construes this as a motion for preliminary injunction.

Plaintiff has failed to establish any of the required factors for a preliminary injunction. The Court will only grant a preliminary injunction after the Plaintiff has shown: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) his threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Further,

there must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

Plaintiff's complaints in this motion are completely unrelated to his claims in this case and cannot serve as proper grounds for granting a preliminary injunction in this action. Further, even after considering the substance of Plaintiff's allegations, the court finds Plaintiff has failed to plead any facts showing irreparable harm in the absence of an injunction. *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012) (holding harm is "irreparable" when monetary relief after a full trial would be inadequate.) Thus, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to be Housed with Cherokee County Detainees and not be Harassed (Doc. 55) is **denied.**

**IT IS SO ORDERED.**

**Dated July 8, 2021, in Topeka, Kansas.**

>  s/ Sam A. Crow
>  **Sam A. Crow**
>  **U.S. Senior District Judge**