IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

      Plaintiff,

      v.                          CASE NO. 20-3154-SAC

DAVID GROVES,
et al.,

      Defendants.

### ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is detained at the Cherokee County Jail in Columbus, Kansas ("CCJ"). This matter is before the Court on Plaintiff's Motion to Fix the Law Library Again and to Stop Taking it Away (Doc. 62) and Motion to Have Sgt. Montanye be Allowed to do her Job (Doc. 72). The Court denies the motions.

Plaintiff claims in his motion to fix the law library that in 2018 the Defendants took the search engine away for two years. Plaintiff also claims that from January to February 2021, Defendants took the law library completely away during pretrial. Plaintiff alleges that Defendants have again taken and disabled the keyboard, which disables the entire library.

As a detainee, Plaintiff is "entitled to meaningful, but not total or unlimited access to the courts." *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1107 (10th Cir. 2005). To state a claim for relief, Plaintiff "must demonstrate actual injury from interference with his access to the courts" by showing that defendants "frustrated or impeded his efforts to pursue a nonfrivolous legal

claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354.  Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355.  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*.  (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff has not alleged that he was prevented from accessing the courts or that he suffered an actual injury due to the limitations on the use of the law library.  If Plaintiff believes he has a court access claim, he should file an action after exhausting the facility's grievance procedures.  Plaintiff's current motion is denied.

In his "Motion to Have Sgt. Montanye be Allowed to do her Job," Plaintiff alleges that Sgt. Montanye is not allowed to be around Plaintiff "over a letter."[1]  Plaintiff alleges that he is not allowed to speak with her and other jailers are taking advantage of the situation because he is unable to report them to Montanye.  Plaintiff alleges that he needs access to a sergeant and she is the only sergeant on second shift.   Based on the nature of the relief sought, the Court construes this as a motion for a preliminary injunction.

---

[1]  In another case Plaintiff has pending before this Court, he claims that he had a jailer deliver a love letter from Plaintiff to Sgt. Montanye.  *See Waterman v. Tippie*, Case No. 21-3097 (D. Kan.).

Plaintiff has failed to establish any of the required factors for a preliminary injunction. The Court will only grant a preliminary injunction after the Plaintiff has shown: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) his threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Further, there must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

Plaintiff's complaint in this motion is completely unrelated to his claims in this case and cannot serve as proper grounds for granting a preliminary injunction in this action. Further, even after considering the substance of Plaintiff's allegations, the Court finds Plaintiff has failed to plead any facts showing irreparable harm in the absence of an injunction. *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012) (holding harm is "irreparable" when monetary relief after a full trial would be inadequate.) Thus, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Fix the Law Library Again and to Stop Taking it Away (Doc. 62) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Have Sgt. Montanye be Allowed to do her Job (Doc. 72) is **denied.**

**IT IS SO ORDERED.**

**Dated September 23, 2021, in Topeka, Kansas.**

                                               **<u>s/ Sam A. Crow</u>**
                                               **Sam A. Crow**
                                               **U.S. Senior District Judge**