IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                          CASE NO. 20-3154-SAC

DAVID GROVES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, his claims are based on conditions during his detention at the Cherokee County Jail in Columbus, Kansas ("CCJ"). On February 1, 2022, the Court entered an Order (Doc. 86) dismissing this matter for failure to state a claim. This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 88).

On October 8, 2021, the Court screened Plaintiff's Third Amended Complaint (Doc. 56) ("TAC") and entered a Memorandum and Order (Doc. 74) ("M&O") granting Plaintiff an opportunity to show good cause why Plaintiff's claims in Counts II, III, IV, V, VI, and VII, and any retaliation and conspiracy claims, should not be dismissed for failure to state a claim. The Court also directed the officials responsible for the operation of the CCJ to file a *Martinez* Report on Counts I and VIII of the TAC.

On November 23, 2021, the Court entered a Memorandum and Order (Doc. 80) ("M&O"), dismissing Plaintiff's claims in Counts II, III, IV, V, VI, and VII, and any retaliation and conspiracy claims, for failure to state a claim. The Court also found that in light of the *Martinez* Report, the Court was considering dismissal of the remaining claims set forth in

1

Counts I and VIII. The Court granted Plaintiff until December 20, 2021, to respond to the *Martinez* Report and to show good cause why his claims in Counts I and VIII should not be dismissed for failure to state a claim. The Court's M&O was mailed to Plaintiff at the CCJ on November 23, 2021.

On November 24, 2021, the Court received Plaintiff's Response to the *Martinez* Report (Doc. 81) and Affidavit (Doc. 82). The Response and Affidavit were mailed to the Court on November 20, 2021, prior to entry of the Court's M&O. *See* Docs. 81–2, 82 (Affidavit signed November 20, 2021), 82–2. Plaintiff also filed a motion on November 24, 2021, asking the Court to stay these proceedings for sixty days. (Doc. 83). The Court granted the motion and granted Plaintiff an extension of time until January 28, 2022, in which to respond to the *Martinez* Report as directed in the M&O. On February 1, 2022, the Court entered an Order (Doc. 86) dismissing this matter, finding that Plaintiff failed to file a response as directed in the M&O.

Plaintiff has filed a motion (Doc. 88) seeking reconsideration of the Court's Order dismissing this case. Plaintiff alleges that the Court should have considered his Response and Affidavit that were filed before the M&O was entered directing him to respond. The Court will grant the motion to the extent that the Court will reconsider dismissal in light of Plaintiff's Response and Affidavit.

As Count I, Plaintiff claims that Defendants Groves and Tippie have a policy to prohibit all newspapers, law books, magazines, and books from publishers, from coming into the CCJ. Plaintiff alleges that all requests have been denied to several prisoners at the CCJ. Plaintiff claims a First Amendment violation.

As Count VIII, Plaintiff alleges that in June 2020, Tippie and Groves opened up two outgoing civil letters and stole his six-month account summaries to stop the civil action against

them. Plaintiff alleges that they also threw away a postcard to the Sedgwick County Jail requesting the account summary from that jail. Plaintiff alleges that the account summary was not sent in for this case, as well as for Case No. 18-cv-3295 in the Tenth Circuit Court of Appeals. Plaintiff alleges that his Tenth Circuit case was dismissed based on the failure to receive the account statement. Plaintiff also claims that legal mail was thrown away in his criminal case in 2016 and 2018.

The Court found that the proper processing of Plaintiff's claims in Counts I and VIII could not be achieved without additional information from appropriate officials of the CCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate officials of the CCJ to prepare and file a *Martinez* Report regarding these claims. The M&O provided that once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

The Court entered a Memorandum and Order (Doc. 80) noting that the *Martinez* Report had been filed and the Court was considering dismissal of Counts I and VIII. The Report provides that there is no written policy at the CCJ prohibiting outside materials, rather such outside publications require administrative approval. The Report provides that pretrial detainees are temporarily placed at the jail awaiting trial, so it is not common for them to subscribe to newspapers while housed there. They do have access to the CCJ's online law library and physical library, which contains books and other materials that have been donated to the jail. The Report provides that Captain Tippie is not aware of any occasion in which Plaintiff requested or was sent a newspaper or magazine subscription. Rather, Plaintiff appears to be raising his complaints on behalf of other inmates. The Report also denies Plaintiff's claims that his outgoing legal mail was stolen, pointing to Plaintiff's extensive court filings.

In his Response, Plaintiff argues that although Defendants allege that they allow newspapers, books and magazines into the CCJ, detainees cannot view them because "they go in your property." (Doc. 81, at 1.) Plaintiff alleges that Defendants have stated to other detainees that they do not have the storage room. *Id*. Plaintiff does not deny that he has never requested or been sent a newspaper or magazine subscription while at the CCJ. Instead, he argues that it would have been a waste of money to subscribe after being told no by the Captain. *Id*. Plaintiff also argues that physical law books are no longer available and the online law library has been taken away on several occasions. *Id*.

Plaintiff's Response and Affidavit fail to show good cause why Count I should not be dismissed. Plaintiff has not shown that he requested a subscription to a publication that was denied by staff at the CCJ. He also does not dispute that there was no attempt to mail him a publication. Furthermore, Plaintiff is no longer housed at the CCJ.

Regarding Count VIII, Plaintiff argues that "[t]he mail log speaks for itself." (Doc. 81, at 2.) Plaintiff refers to his mail log on June 24, 2020, which lists White, Bryon and the Clerk of the U.S. District Court. *Id*. Plaintiff alleges that Defendants Groves and Tippie altered the address for his mailing to the Tenth Circuit. Plaintiff refers to the mail log and alleges that these Defendants altered the name of the United States Courthouse from Bryon White to White, Bryon. *Id*. Plaintiff alleges that he mailed out his account statement to this Court and to the Tenth Circuit on June 24, 2020, but both envelopes disappeared. *Id*. at 2–3. Plaintiff states that he has filed something in his case before the Tenth Circuit to reopen that case. *Id*. at 3. Plaintiff also alleges that a letter to the bar association in 2016 and mail to the Kansas Supreme Court was thrown away. *Id*. at 4; Doc. 81–1, at 1. Plaintiff attaches his mail log from September 2016 to March 2017. Doc. 81–1, at 2. In his Affidavit (Doc. 82) Plaintiff asserts again that he mailed

account statements in June 2020 to this Court in this case and to the Tenth Circuit Court of Appeals.

Plaintiff has failed to show good cause why Count VIII should not be dismissed. Plaintiff has not alleged that staff at the CCJ prevented him from accessing the courts or caused him actual injury regarding a non-frivolous legal claim. It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th

Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted); *see Proch v. Baker*, Case No. 14-3021-CM, 2017 WL 2793922, at *7 (D. Kan. June 28, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violations of the constitutional right of access to the courts require a showing of injury due to the deprivation); *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995) (there must be prejudice)).

Plaintiff alleges that he was prejudiced when his account statement was not sent to the Court in this case and to the Tenth Circuit. However, Plaintiff submitted his account statement and was granted leave to proceed in forma pauperis in this case. *See* Doc. 14, at 3–8. Plaintiff has also indicated that he has filed something in his case before the Tenth Circuit to reopen that case.[1]

In his TAC, Plaintiff seeks $500,000 in declaratory relief,[2] $500,000 in punitive damages, and $500,000 in compensatory damages. (Doc. 56, at 15.) Plaintiff also seeks various forms of injunctive relief, including the allowance of newspapers and books from outside publishers into the CCJ; the appointment of a special master to investigate the CCJ's training programs; and an order requiring the United States Inspector General Post Office "to investigate Cherokee Sheriff's Department for throwing away postage mail sent out by inmates." *Id*. at 15–16.

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that

---

[1] The Court notes that Plaintiff's pending motion will not be addressed by the Tenth Circuit until he submits the financial statement. *See Waterman v. Tippie*, Case No. 20-3052, Doc. 010110607875 (10th Cir. Nov. 19, 2021) (citing Tenth Cir. R. 42.2 providing that a motion to reinstate may not be filed unless the failure is remedied or the remedy for the failure accompanies the motion). The Court cannot find an injury on the present record.

[2] The Court notes that Plaintiff appears to be seeking monetary damages under the title "declaratory relief."

"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiffs also seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

Plaintiff's request for injunctive relief is moot. Plaintiff is no longer confined at the CCJ. Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. Because Plaintiff's request relates solely to alleged wrongdoing on the part of CCJ employees, the Court would be unable to provide Plaintiff with effective relief and his requests for injunctive relief are moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit

has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer housed at the CCJ, his claims for injunctive relief are moot.

Plaintiff has failed to show good cause why Counts I and VIII of his TAC should not be dismissed. The Court's Order and Judgment dismissing this case at Docs. 86 and 87 remains in effect.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 88) is **granted** to the extent that the Court has reconsidered its Order dismissing this case in light of Plaintiff's Response at Doc. 81 and Affidavit at Doc. 82.

**IT IS FURTHER ORDERED** that Plaintiff has failed to show good cause why Counts I and VIII of his TAC should not be dismissed. The Court's February 1, 2022 Order dismissing this case remains in effect.

**IT IS SO ORDERED**.

**Dated February 25, 2022, in Topeka, Kansas.**

                                           **s/ Sam A. Crow**
                                           **Sam A. Crow**
                                           **U.S. Senior District Judge**