IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                          CASE NO. 20-3154-SAC

DAVID GROVES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, his claims are based on conditions during his detention at the Cherokee County Jail in Columbus, Kansas. On February 1, 2022, the Court entered an Order (Doc. 86) dismissing this matter for failure to state a claim. On February 25, 2022, the Court entered a Memorandum and Order (Doc. 89) granting Plaintiff's motion for reconsideration to the extent the Court reconsidered its Order dismissing this case in light of Plaintiff's Response and Affidavit. The Court found that Plaintiff failed to show good cause why Plaintiff's remaining claims should not be dismissed, and left the February 1, 2022 Order dismissing this case in effect.

On March 2, 2022, Plaintiff filed a Notice of Appeal (Doc. 90). On March 3, 2022, the Court entered a Memorandum and Order (Doc. 93) denying Plaintiff leave to appeal *in forma pauperis* because he is a three strikes litigant under 28 U.S.C. § 1915(g). This matter is before the Court on Plaintiff's Motion for Certificate of Appealability (Doc. 94).

Plaintiff argues that despite his three strikes, he should be allowed to appeal *in forma pauperis* because he was granted leave to proceed *in forma pauperis* in his case before this

Court. Plaintiff points to Fed. R. App. P. 24(a)(3) which provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court . . . certifies that the appeal is not taken in good faith . . . ." Fed. R. Civ. P. 24(a)(3)(A). Plaintiff then asks this Court to certify that his appeal was taken in good faith, and argues the merits of his claims.[1] However, the Rule goes on to provide that leave shall not be granted if the Court "finds that the party is not otherwise entitled to proceed in forma pauperis" or "a statute provides otherwise." *Id*. at (A) and (B).

The Court did find that Plaintiff was not entitled to proceed *in forma pauperis* on appeal due to his three strikes, and § 1915(g) is a statute that "provides otherwise." Therefore, the Court denies Plaintiff's request for this Court to certify that his appeal was taken in good faith. Any request for leave to proceed *in forma pauperis* on appeal is denied pursuant to § 1915(g).

Any other request for a certificate of appealability is denied because a certificate of appealability is not necessary in a civil rights action. *See Smith v. Cowman*, 208 F. App'x 687, (10th Cir. 2006) (unpublished) ("Because this is a § 1983 action, not a habeas action, the district court properly ruled that the application for a certificate of appealability was moot."); *Lawson v. Engleman*, 67 F. App'x 524, 527 n.4 (10th Cir. 2003) (unpublished) ("Because a certificate of appealability is not necessary for a prisoner civil rights appeal, we do not consider Lawson's motion for a certificate of appealability"); *Hicks v. Woodruff*, 216 F.3d 1087 (Table), 2000 WL 854269, at *4 (10th Cir. June 28, 2000) (unpublished) (denying request for appealability as moot

---

[1] Plaintiff reargues the merits of his claims, including his argument that the toilet in his cell was shut off for three days on February 4, 2019, with "no penological justification." (Doc. 94, at 4); (Doc. 1, at 4, 10) (claiming in his Complaint that his toilet was shut off on 2-4-2019); *but see Waterman v. Degroot*, Case No. 20-3243-SAC, Doc. 28, at 2 (D. Kan. Dec. 7, 2021) (Memorandum and Order stating that "[o]n February 4, 2019, Plaintiff flooded his cell when he was told he could not have envelopes and paper he purchased from the commissary until he was off of a 48-hour lockdown").

and stating that "[a]n appeal from a district court decision in a 42 U.S.C. § 1983 civil rights case does not require a certificate of appealability").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Certificate of Appealability (Doc. 94) is **denied**.

Copies of this order shall be transmitted to Plaintiff and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated March 16, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**